# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MURCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV102 DDN |
| | ) | |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.1122252), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.60. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order plaintiff to provide the Court with the proper names of Jane Doe Nurses 1-3 and John Doe Nurse within thirty (30) days of the date of this Memorandum and Order.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $48.00, and an average monthly balance of $2.72. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.60, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of

a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Corizon Medical Services; NECC Medical Director; Jane Doe #1; Jane Doe #2; John Doe; Jane Doe #3; James Hurley; George Lombardi; Missouri Department of Corrections; MDOC Regional Health Services Director; Corizon Regional Medical Director. Defendants are named in both their individual and official capacities.

Plaintiff complains that his hand was injured during a fight with another inmate in early November of 2013. He states that he sought medical assistance for his hand injury from Jane Doe Nurses 1-3, as well as John Doe Nurse, but it was not until late December of 2013 when he actually started to receive adequate treatment for his hand from the Director of Nursing at NECC. Plaintiff states that although he began to receive treatment in late December, it still wasn't until early January of 2014 that he was actually taken to see a Corizon doctor about the hand injury, and then taken to a specialist in Jefferson City in late February 2014. Plaintiff states that by this time, it was too late to fix his hand and he was left with a permanent injury. Plaintiff believes that Jane Doe Nurses 1-3 and John Doe Nurse subjected him to deliberate indifference

to his serious medical needs in violation of the Eighth Amendment by failing to provide him with treatment. He also alleges that he was subjected to intentional infliction of emotional distress.

Plaintiff sues defendants for both monetary damages and "injunctive relief."

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997). A review of the complaint shows that plaintiff has alleged enough facts to show that Jane Doe Nurses 1-3 and John Doe Nurse knew of his serious hand injury but failed to provide adequate treatment for his injury. Thus, the Court finds that plaintiff's complaint has stated enough facts to state a claim against these four defendants at this time, in their individual capacities.[1]

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has only set forth facts directly linking the actions of four of the named defendants to the alleged violations of his constitutional rights – Jane Doe Nurses 1-3 and John Doe Nurse. As a result, the complaint fails

---

[1] Because these are "John and Jane Doe Defendants" the Court is unable to serve these defendants with process unless and until plaintiff provides the Court with the proper names of these defendants. Plaintiff will be required to do so within thirty (30) days of the date of this Memorandum and Order.

to state a claim upon which relief can be granted with respect to the other named defendants: Corizon Medical Services; NECC Medical Director; James Hurley; George Lombardi; Missouri Department of Corrections; MDOC Regional Health Services Director; and Corizon Regional Medical Director. *See also Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

In attempt to evade the "personal involvement" requirement of §1983, plaintiff has stated in a conclusory fashion in his complaint that he was harmed when the defendant nurses "failed to follow" MDOC and Corizon policies. However, a federal court's inquiry is not whether prison regulation was violated but whether the Constitution was violated. *Griffin-Bey v. Bowersox,* 978 F.2d 455, 457 (8th Cir. 1992) (per curiam). Simply put, a failure to follow an internal policy or procedure does not form the basis for a constitutional violation. *Id.*

Moreover, only the individual capacity claims against the three Jane Doe Nurses and the John Doe Nurse can survive review. The official capacity claims against these four nurses must be dismissed. To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged that there was an unconstitutional policy or custom of Corizon (their employer) that was responsible for the alleged violations of his constitutional rights. As a result, plaintiff's official capacity claims against the Jane and John Doe Nurses will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $9.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this Memorandum and Order to provide the Court with the proper names of Jane Doe Nurses 1-3 and John Doe Nurse. As soon as plaintiff provides the Court with such identifying information, the Clerk shall issue process or cause process to issue upon the complaint as to defendants Jane Doe Nurses 1-3 and John Doe Nurse in their individual capacities. Defendants shall be served through the service agreement this Court maintains with Corizon, Inc.

**IT IS FURTHER ORDERED** that plaintiff's claims against Jane Doe Nurses 1-3 and John Doe Nurse, in their official capacities, will be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B), as these claims are legally frivolous and/or fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Corizon Medical Services; NECC Medical Director; James Hurley; George Lombardi; Missouri Department of Corrections; MDOC Regional Health

Services Director; and Corizon Regional Medical Director because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of January, 2015.
.

                /s/ Jean C. Hamilton
                JEAN C. HAMILTON
                UNITED STATES DISTRICT JUDGE