# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MURCHINSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:14CV102 DDN |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's request for extension of time to identify defendants by their proper names, as well as his second request for appointment of counsel. Also before the Court is plaintiff's motion for reconsideration of the Order of Partial Dismissal. The Court will grant plaintiff's request for extension of time, in part. However, plaintiff's request for counsel and his motion for reconsideration of the Order of Partial Dismissal will be denied.

**Motion for Reconsideration of Order of Partial Dismissal**

On January 5, 2015, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. In his complaint pursuant to 42 U.S.C. § 1983, plaintiff alleged that his hand was injured during a fight with another inmate in early November 2013. He claimed that he sought medical assistance for his hand injury from Jane Doe Nurses 1-3, as well as John Doe Nurse, but it was not until late December 2013 when he actually started to receive treatment for his hand from the Director of Nursing at NECC. Plaintiff stated in his complaint that he wasn't taken to a specialist in Jefferson City regarding the injury until late February 2014, and by then he was left with a permanent injury. Plaintiff complained in his complaint that Jane Doe Nurses 1-3 and

John Doe Nurse subjected him to deliberate indifference to his serious medical needs in violation of the Eighth Amendment by failing to provide him with medical treatment.

The Court found that plaintiff had alleged enough facts to show that Jane Doe Nurses 1-3 and John Doe Nurse knew of his serious hand injury but failed to provide adequate treatment for his injury. The Court dismissed plaintiff's official capacity claims against the Doe defendants, but kept in the individual capacity claims.

The Court also dismissed the claims against defendants Corizon Medical Services, NECC Medical Director, James Hurley, George Lombardi, the Missouri Department of Corrections, MDOC Regional Health Services Director and Corizon Regional Medical Director, because plaintiff had failed to make any personal allegations against these defendants.

Plaintiff asserts that his complaint sought prospective injunctive relief and therefore claims against some, or all, of defendants in their official capacity should have been maintained in the present lawsuit. Of course, a state official may be sued in his or her official capacity for prospective injunctive relief, but any such claim is moot if the prisoner or detainee is no longer subject to the conditions he or she is challenging. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985) (prisoner's claims for injunctive relief are moot if he is no longer subject to those conditions). Because plaintiff admitted in his complaint that he has received treatment for his hand and it has healed as much as it is able to, his claims for prospective injunctive or declaratory relief, are moot. As such, there is no need to reconsider dismissal of the official capacity claims in the Court's prior Memorandum and Order.

Plaintiff also argues that the Court should not have dismissed Corizon and/or MDOC from the lawsuit due to plaintiff's failure to allege an unconstitutional policy or custom.

2

Specifically, plaintiff asserts that in two separate places in his complaint, he alleges an unlawful policy/custom.

The 8th Circuit has declared that a "policy" and a "custom" are not synonymous. A "policy" is an official policy, a deliberate choice of a guiding principal or procedure made by the municipal official who has final authority regarding such matters. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. *Mettler v Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). The elements of a cause of action pursued under the "custom" theory are: 1) the existence of a continuing wide spread persistent pattern of unconstitutional misconduct by the governmental entities employees, 2) deliberate indifference to or tacit authorization of such conduct by the governmental entities policy making officials after notice to the officials of that misconduct; and, 3) the plaintiff's injury by acts pursuant to the governmental entities custom, *i.e.* proof that the custom was the moving force behind the constitutional violation. *Id.*

All of the specific allegations relating to plaintiff's injuries involve isolated actions by individual actors. None of the allegations in plaintiff's complaint allege that any policy promulgated by Corizon or the Missouri Department of Corrections injured him in any way. Instead, plaintiff's allegations relating to alleged "policies" reflect nothing more than whether or not **internal** policies of MDOC or Corizon were followed relating to plaintiff's care. This is simply not actionable under § 1983. *See Griffin-Bey v. Bowersox*, 978 F.2d 455, 457 (8th Cir. 1992). For these reasons plaintiff has not shown any causal relationship between Corizon or MDOC and his alleged constitutional injuries, and thus both Corizon and MDOC are not proper parties to this action.

In light of the aforementioned, plaintiff's motion for reconsideration of the Order of Partial Dismissal will be denied.

**Motion for Extension of Time to Provide Proper Names of Defendants**

When the Court reviewed plaintiff's complaint on January 5, 2015, and found that plaintiff's complaint stated enough facts to state a claim against the Doe defendants, plaintiff was given thirty (30) days to provide the Court with the proper names of the defendants. In his motion for extension of time presently before the Court, plaintiff seeks additional time to identify defendants by their given names and pay the initial partial filing fee. The Court will grant plaintiff's requests, in part. Plaintiff will be given thirty days to pay the initial partial filing fee and provide the Court with the proper names of the four Doe defendants.

**Motion for Appointment of Counsel**

In his motion for appointment of counsel, plaintiff once again requests counsel to assist him in investigating this matter. He seeks help in identifying defendants, as well as "conducting pretrial investigations." However, plaintiff notes that he already has copies of his own medical files.

As plaintiff acknowledges, there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

The Court has already considered these factors in a prior order and found that plaintiff is fully able to represent his own interests at this time. Moreover, the factual matters in this case are not so complicated that that the appointment of counsel is presently warranted. This is a straightforward claim of deliberate indifference to medical needs. Plaintiff is extremely articulate and has been able to make his arguments clear to this Court. As such, plaintiff's request will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the Order of Partial Dismissal [Doc. #9] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #10] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of deadlines [Doc. #11] is **GRANTED IN PART and DENIED IN PART**. Plaintiff must provide the Court with the proper names of Jane Doe Nurses 1-3 and John Doe Nurse within thirty (30) days of the date of this Memorandum and Order. Plaintiff shall pay the initial partial filing fee of $9.60 within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Memorandum and Order may result in a dismissal of this action, without prejudice.

Dated this 10th day of February, 2015.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE