**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MURCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14 CV 102 DDN |
| | ) | |
| CORIZON MEDICAL SERVICES, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for appointment of counsel and request for an extension of the discovery deadline (Doc. #23). In his motion, plaintiff asserts that he requires counsel for deposition of opposing parties and witnesses and due to his circumstances he has been unable to conduct sufficient discovery.

As stated in this court's previous orders denying counsel (Docs. 8, 12), there is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are still not so complicated that the appointment of counsel is warranted at this time. This case

involves a straight-forward claim of deliberate indifference to medical needs. Plaintiff has been able to articulate his claims on his own, and the claims do not appear to be complex or involve excessive legal machinations. He is in possession of his medical records and can formulate interrogatories as well as questions for depositions, if necessary. As such, plaintiff's request will be denied at this time, without prejudice.

With regards to plaintiff's motion requesting an extension of time due to his placement in administrative segregation and the pending discovery deadline, the court will grant this motion. Plaintiff states that he has been administrative segregation for two months and will remain there through mid-November. He requested three months additional time for a court-appointed attorney to familiarize himself with the case. The court has declined to appoint counsel. However, plaintiff will be given five (5) additional months to conduct discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel and an extension of time for discovery (Doc. 23) is **AFFIRMED in part** and **DENIED in part without prejudice.** An amended case management order will follow.


       /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on October 14, 2015.